1  Steven G. Mesaros, #009215
   Brian E. Cieniawski, #013185
2  **RENAUD COOK DRURY MESAROS, PA**
   One North Central, Suite 900
3  Phoenix, Arizona 85004-4417
   Telephone: (602) 307-9900
4  Facsimile:  (602) 307-5853
   E-mail:   docket@rcdmlaw.com
5            smesaros@rcdmlaw.com
             bcieniawski@rcdmlaw.com
6
7  *Attorneys for Plaintiffs Clarendon*
   *America Insurance Company and*
   *Praetorian Specialty Insurance*
8  *Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Clarendon America Insurance Company, a New Jersey corporation; and Praetorian Specialty Insurance Company, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> R.E.P. Custom Builders, Inc., a dissolved Arizona corporation; and Bart V. Whiles and Gloria J. Danner-Whiles, husband and wife, <br><br> Defendants. | No. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201** *et seq.* **and A.R.S. § 12-1831** *et seq.* **AND FOR RESTITUTION/UNJUST ENRICHMENT** |

Plaintiffs, Clarendon America Insurance Company and Praetorian Specialty Insurance Company (collectively "Plaintiffs"), file their Complaint seeking a Declaratory Judgment to determine that the respective insurance Policies issued to Defendant R.E.P. Custom Builders, Inc. do not provide coverage for the claims Defendants Bart V. Whiles and Gloria Danner-Whiles assert against Defendant R.E.P. Custom Builders, Inc. in the case entitled *Bart V. Whiles and Gloria J. Danner-Whiles v. R.E.P. Custom Builders, Inc., et al.*, Case No. P1300CV201600183, pending before the Yavapai County Superior Court of the State of Arizona ("the state court lawsuit").

(Page 1)                           [3240-0012]

4056955.v1

Plaintiffs also seek restitution, reimbursement, and recovery under the principles of unjust enrichment.

## THE PARTIES

1. At all relevant times, Plaintiff Clarendon America Insurance Company ("Clarendon") was a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in the State of New York.

2. At all relevant times, Plaintiff Praetorian Specialty Insurance Company ("Praetorian") was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York.

3. Defendant R.E.P. Custom Builders, Inc. ("REP") at all relevant times was an Arizona corporation organized and existing under the laws of the State of Arizona, with its principal place of business in the State of Arizona.

4. Defendants Bart V. Whiles and Gloria Danner-Whiles ("the Whiles"), husband and wife, are citizens of the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. This Court has jurisdiction to award a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and A.R.S. § 12-1831 *et seq.*

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because all of the events or omissions giving rise to these claims occurred within this district.

## THE CLARENDON POLICY

8. Clarendon issued its Policy, Policy No. CA3000000035, ("the Clarendon Policy") to REP for a policy period effective May 23, 2006 to May 23, 2007.

9. The Clarendon Policy includes language setting forth the terms and conditions of the insurance contract between REP and Clarendon.

10. The Clarendon Policy identifies REP as the "Named Insured."

11. The Declarations page of the Clarendon Policy shows a premium was paid only for "Commercial General Liability Coverage Part," and that all other potential coverage parts were not covered.

12. The Clarendon Policy sets forth an each occurrence limit of liability in the amount of $1,000,000.

13. The Clarendon Policy's "COMMERCIAL GENERAL LIABILITY COVERAGE FORM" is ISO Form CG 00 01 12 04.

14. The Clarendon Policy's Commercial General Liability ("CGL") Coverage Form, Form Number CG 00 01 12 04, states in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

* * *

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

* * *

2. **Exclusions**

This insurance does not apply to:

* * *

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

* * *

**SECTION V – DEFINITIONS**

* * *

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

   * * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   * * *

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   * * *

21. "Your product":

   a. Means:

      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

         (a) You;

         (b) Others trading under your name; or

         (c) A person or organization whose business or assets you have acquired; and

      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   b. Includes

      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      (2) The providing of or failure to provide warnings or instructions.

   c. Does not include vending machines or other property rented to or located for the use of others but not sold.

(Page 5)                                           [3240-0012]

22. "Your work":
   a. Means:
      (1) Work or operations performed by you or on your behalf; and
      (2) Materials, parts or equipment furnished in connection with such work or operations.
   b. Includes
      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
      (2) The providing of or failure to provide warnings or instructions.

* * *

15. The Clarendon Policy contains Endorsement Form Number CNIC/DSS SUBS-LAND 10/00, which states in relevant part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – SUBSIDENCE OF LAND**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

1. The following exclusion is added to Paragraph 2, Exclusions of Coverage A – Bodily Injury and Property Damage Liability (Section 1 – Coverages):

This insurance does not apply to **bodily injury** or **property damage** which would not have occurred in whole or in part but for the subsidence of land if such subsidence arises out of or is in any way connected to the work performed by you or on your behalf.

Such **bodily injury** or **property damage** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **bodily injury** or **property damage**.

2. The following definition is added to DEFINITIONS (Section V)

Subsidence of Land – any earth movement, such as an earthquake, sinkhole collapse, mine subsidence, landslide, or earth sinking, rising or shifting.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
One North Central
Suite 900
Phoenix, AZ 85004

16. The Clarendon Policy contains Endorsement Form Number ME600, which states in relevant part:

### CLARENDON AMERICA INSURANCE COMPANY
### SUBSIDENCE EXCLUSION

In consideration of the premium charged, it is understood and agreed that this policy does not apply to any "bodily injury", "property damage" or "personal and advertising injury" arising out of, resulting from, caused, aggravated or contributed to, directly or indirectly, by the movement of land or earth, including but not limited to subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting, cracking, shrinking, or expansion of land or earth.

All other terms, conditions and agreement remain unchanged.

\* \* \*

### THE PRAETORIAN POLICY

17. Praetorian issued its Policy, Policy No. PSINM0001049, ("the Praetorian Policy") to REP for a policy period effective May 23, 2007 to May 23, 2008.

18. The Praetorian Policy includes language setting forth the terms and conditions of the insurance contract between REP and Praetorian.

19. The Praetorian Policy identifies REP as the "Named Insured."

20. The Declarations page of the Praetorian Policy shows a premium was paid only for "Commercial General Liability Coverage Part," and that all other potential coverage parts were not covered.

21. The Praetorian Policy sets forth an each occurrence limit of liability in the amount of $1,000,000.

22. The Praetorian Policy's "COMMERCIAL GENERAL LIABILITY COVERAGE FORM" is ISO Form CG 00 01 12 04.

23. The Praetorian Policy's Commercial General Liability ("CGL") Coverage Form, Form Number CG 00 01 12 04, states in relevant part:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      * * *

   c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period known to have occurred by any insured listed under Paragraph **1.** of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

      * * *

2. Exclusions

This insurance does not apply to:

* * *

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

* * *

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * *

4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

a. **Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with that other insurance by the method described in **c.** below.

b. **Excess Insurance**

This insurance is excess over:

* * *

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operation, for

which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit"; if no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

(Page 10)                                                [3240-0012]

     b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

                  \* \* \*

21. "Your product":

    a. Means:

        (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a) You;

            (b) Others trading under your name; or

            (c) A person or organization whose business or assets you have acquired; and

        (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b. Includes

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2) The providing of or failure to provide warnings or instructions.

    c. Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work":

    a. Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b. Includes

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2) The providing of or failure to provide warnings or instructions.

                  \* \* \*

24. The Praetorian Policy contains Endorsement Form Number AZ CP6 (08/06), which states in relevant part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – SUBSIDENCE OF LAND**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2.**, **Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and to Paragraph **2.**, **Exclusions** of Section I – Coverage B – Personal And Advertising Injury Liability:

2. **Exclusions**

   This insurance does not apply to

   **Subsidence of Land**

   "Bodily injury", "property damage", or "personal and advertising injury" arising out of, directly or indirectly, in whole or in part, subsidence, fissure, collapse, landslide, mud flow, settling, sinking, slipping, falling away, caving in, shifting, eroding, rising, expanding, tilting, or any other movement of land or earth whatsoever.

All other terms and conditions of the policy remain unchanged.

25. The Praetorian Policy contains Endorsement Form Number CNIC/DSS SUBS-LAND 10/00, which states in relevant part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – SUBSIDENCE OF LAND**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

1. The following exclusion is added to Paragraph 2., Exclusions of Coverage A – Bodily Injury and Property Damage Liability (Section 1 – Coverages):

   This insurance does not apply to **bodily injury** or **property damage** which would not have occurred in whole or in part but for the

subsidence of land if such subsidence arises out of or is in any way connected to the work performed by you or on your behalf.

Such **bodily injury** or **property damage** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **bodily injury** or **property damage**.

2. The following definition is added to DEFINITIONS (Section V)

Subsidence of Land – any earth movement, such as an earthquake, sinkhole collapse, mine subsidence, landslide, or earth sinking, rising or shifting.

26. The Praetorian Policy contains Endorsement Form Number AZ CP8 (08/06), which states in relevant part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – DAMAGES COMMENCING PRIOR TO OR AFTER POLICY PERIOD (BROAD FORM EXCLUSION)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following term is added to Paragraph **1.**, **Insuring Agreement** of Section I – Coverage A – Bodily Injury And Property Damage Liability:

1. **Insuring Agreement**

   f. All exposure to a certain condition or related conditions and all damages involving or arising out of the same product, category of products, completed operation, job site, act or event, regardless of the frequency or repetition of those conditions or damages or the number of claimants shall be considered a single "occurrence".

B. The following exclusion is added to Paragraph **2.**, **Exclusions** of Section I – Coverage A – Bodily Injury And Property Damage Liability:

2. **Exclusions**

   This insurance does not apply to:

**Damages Commencing Prior to Policy Period**

(1) "Bodily injury" or "property damage" if such injury or damage "commences", in whole or in part, prior to the first day of the policy period of this policy. This exclusion applies even if the "bodily injury" or "property damage" continues, is alleged to continue, or is deemed to continue during the policy period of this policy.

(2) "Bodily injury" or "property damage" that is continuous or progressively deteriorating and that "commences", in whole or in part, prior to the effective date of this policy or after the expiration of this policy, even if such injury or damage continues or deteriorates during the policy period of this policy.

If any insured requests any insurance company, including us, to defend, pay or indemnify any amount or otherwise respond to any claim or "suit" under any insurance policy incepting prior to the first day of the policy period of this policy, this policy shall not apply to damages sought in that claim or "suit". The previous sentence does not apply to a request by an insured for defense, payment or indemnification of any claim or "suit" to any insurance carrier with regard to a policy which is specifically written to be excess of this policy during the policy period of this policy.

\* \* \*

F. **Definition.** For purposes of this endorsement only, the term "commences" shall mean the earliest point in time when "bodily injury" or "property damage" caused by an "occurrence": (i) actually occurs, whether or not the party so injured or whose property was damaged had knowledge of the injury or damage, is alleged to first occur, or is deemed to first occur; (ii) incepts, is alleged to incept, or is deemed to incept; or (iii) first manifests, is alleged to have first manifested, or is deemed to have first manifested.

\* \* \*

27. The Praetorian Policy contains Endorsement Form Number AZ CP4 (08/06), which states in relevant part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SUBCONTRACTOR INSURANCE AND INDEMNITY REQUIREMENTS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following condition is added to **Section IV- Commercial General Liability Conditions:**

**Subcontractor Insurance and Indemnity Requirements**

In consideration of the payment of the premium, it is hereby understood and agreed that the following special conditions are made a part of the policy:

> The Insured shall require all subcontractors to maintain Commercial General Liability insurance coverage, (underwritten by an insurance company with at least an "A" Best rating), with minimum limits of $1,000,000 per occurrence, $2,000,000 General Aggregate, $1,000,000 Products-Completed Operations Aggregate. The Insured shall also be an Additional Insured on the subcontractor's policy for damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of or caused by the work, activities, or operations of the subcontractor, including the Insured's supervision, review or inspection of the subcontractor. Furthermore, the Insured shall obtain all necessary documentation to ensure that such coverage has been obtained by all subcontractors. If a subcontractor has not obtained the insurance set forth above, the Insured will be surcharged by the Company for additional premium for the coverage relating to the subcontractor's work, activities, or operations. A rate to be determined by the company will apply per 1,000 of the cost related to the uninsured or underinsured work, activities, or operations.
>
> Such independent contractors or subcontractors agree in writing to defend, indemnify, and hold harmless you and your affiliates, subsidiaries, directors, officers, employees, agents, and their representatives from and against all claims, damages, losses, and expenses attributable to, resulting from, or arising out, in whole or in part, of the independent contractor's or subcontractor's operations performed by you, caused in whole or in part by any act or omission of the independent contractor or subcontractor or any one directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by you.

All other terms and conditions of the policy remain unchanged.

## THE UNDERLYING WHILES V. R.E.P. CUSTOM BUILDERS LAWSUIT

28.  The Whiles filed their "First Amended Complaint" in the state court

lawsuit on May 25, 2016.

29. In the state court lawsuit, the Whiles assert they own a home located at 10795 East Ward Lane, Cornville, Arizona ("the subject home").

30. In the state court lawsuit, the Whiles assert they entered a construction contract with REP for REP "to build/construct" the subject home.

31. In the state court lawsuit, the Whiles assert the relevant governmental entity issued a "Residential Certificate of Occupancy for the subject home on March 14, 2008."

32. In the state court lawsuit, the Whiles allege "that in or about the summer of 2013, the Whiles realized that the subject home contained" defects.

33. In the state court lawsuit, the Whiles assert the claimed defects contained in the subject home are caused by soil subsidence on the relevant property.

34. In the state court lawsuit, discovery and disclosure have revealed that the claimed defects contained in the subject home are caused by soil subsidence.

35. In the state court lawsuit, the Whiles contend that REP "breached the implied warranty of workmanship, habitability and fitness for the intended purpose by failing to construct the subject home free from defects and in a habitable condition."

36. In the state court lawsuit, the Whiles assert REP's claimed breach of warranty has caused the Whiles to suffer damages.

37. In the state court lawsuit, the Whiles seek reimbursement from REP for attorneys' fees and taxable costs.

38. With respect to the state court lawsuit, the Whiles have sought damages of at least $265,000 from REP and have presented a settlement demand in the total amount of $347,326.98.

## COUNT ONE
### (DECLARATORY JUDGMENT)

39. Plaintiffs incorporate their allegations set forth in Paragraphs 1 through 39 above as though set forth in full herein.

40. Defendants assert the Clarendon Policy and the Praetorian Policy

provide insurance coverage for REP concerning the claims the Whiles assert against REP in the state court lawsuit.

41. Clarendon and Praetorian have undertaken the defense of REP against the Whiles' claims in the state court lawsuit under a full and complete reservation of rights.

42. REP and the Whiles may demand indemnity and/or other payment under the Clarendon Policy and the Praetorian Policy with regard to the claims of the Whiles in the state court lawsuit.

43. The actual controversy between the Parties warranting declaratory judgment includes, but is not limited to:

   a. Whether or not the Clarendon Policy and/or the Praetorian Policy provide REP any coverage concerning the claims of the Whiles in the state court lawsuit;

   b. In the alternative, a judicial declaration of the parties' rights and liabilities concerning any insurance contract matter that arises during the course of discovery that affects REP's possible coverage, if any, under the Clarendon Policy and the Praetorian Policy.

44. Because this claim arises out of the contractual provisions in the Clarendon Policy and the Praetorian Policy, Plaintiffs are entitled to recover their attorney's fees pursuant to A.R.S. § 12-341.01.

45. Plaintiffs are entitled to recover their taxable costs under A.R.S. § 12-341.

WHEREFORE, Plaintiffs request, pursuant to 28 U.S.C. § 2201 *et seq.* and A.R.S. § 12-1831 *et seq.*, a Declaratory Judgment in favor of Plaintiffs and against REP, Bart Whiles, and Gloria J. Danner-Whiles as follows:

   A. A judicial declaration that the Clarendon Policy and the Praetorian Policy do not provide any insurance coverage for REP concerning the claims of the Whiles in the state court lawsuit;

   B. In the alternative, a judicial declaration of the Parties' rights and

liabilities concerning any insurance contract matter that arises during the course of discovery that affects REP's possible coverage, if any, under the Clarendon Policy and the Praetorian Policy.

    C.    An award of reasonable attorney's fees pursuant to A.R.S. § 12-341.01 for this action against Defendants as provided under the Clarendon Policy, the Praetorian Policy, the common law, and other applicable law;

    D.    An award of taxable costs under A.R.S. § 12-341 for this action against Defendants as provided under the Clarendon Policy, the Praetorian Policy, the common law, and other applicable law;

    E.    For such orders as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

    F.    For such other and further relief as this Court deems just and proper.

## COUNT TWO
## (RESTITUTION/UNJUST ENRICHMENT)

46.    REP has demanded a defense under the Clarendon Policy and the Praetorian Policy in response to the Whiles' claims for breach of implied warranty. Clarendon and Praetorian are defending the Whiles' Complaint under a full and complete reservation of rights. Clarendon and Praetorian reserved their rights to reimbursement and restitution of all funds expended in the defense of REP against the Whiles' claims, in settlement of the Whiles' claims against REP, and to satisfy any judgment the Whiles might obtain against REP.

47.    REP and/or the Whiles may demand indemnity under the Policy in response to the Whiles' claims for breach of implied warranty.

48.    Clarendon and Praetorian have expended funds that exceed the jurisdictional limit for this diversity matter in defending REP against the Whiles' claims.

49.    Under Arizona law, Clarendon and Praetorian have the right to restitution and reimbursement of all sums expended in the defense of REP against the Whiles' claims, in settlement of the Whiles' claims against REP, and to satisfy any

(Page 18)    [3240-0012]

1 judgment the Whiles might obtain against REP because the Policy does not provide coverage for REP related to the claims the Whiles present against REP.

50. REP has also been unjustly enriched by Plaintiffs' expenditure of funds in defense of REP against the Whiles' claims because the Policies do not provide coverage for REP related to the claims the Whiles present against REP.

51. Clarendon and Praetorian are entitled to recover from REP and be reimbursed by REP for all funds Clarendon and Praetorian have expended to defend REP against the Whiles' claims.

52. Because the claim arises out of the contractual provisions in the Policy, Clarendon and Praetorian are entitled to recover its attorney's fees pursuant to A.R.S. § 12-341.01.

WHEREFORE, Clarendon and Praetorian request, under principles of restitution, reimbursement, and unjust enrichment, a Judgment in favor of Plaintiffs and against REP as follows:

A. An award of recovery from and reimbursement by REP to Clarendon and Praetorian of all funds Clarendon and Praetorian have expended to defend REP against the Whiles' claims;

B. An award of reasonable attorney's fees and costs pursuant to A.R.S. § 12-341.01 for this action against REP as provided under the Policies, the common law, and other applicable law;

C. For such orders as are necessary to preserve this Court's jurisdiction over the parties and issues herein, and

D. For such other and further relief as this Court deems just and proper.

////
////
////

1  **DATED** this 7th day of April, 2020.

**RENAUD COOK DRURY MESAROS, PA**

By */s/ Brian E. Cieniawski*
Steven G. Mesaros
Brian E. Cieniawski
One North Central, Suite 900
Phoenix, Arizona 85004
*Attorneys for Plaintiffs Clarendon America Insurance Company and Praetorian Specialty Insurance Company*

*/s/Vicki L. Cobbs*