**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clarendon America Insurance Company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> R.E.P. Custom Builders Incorporated, et al., <br><br> Defendants. | No. CV-20-08078-PCT-DJH <br><br> **ORDER** |

Pending before the Court is Defendants' Motion for Leave to Depose Plaintiffs' Corporate Representative(s) After Discovery Cutoff Date (Doc. 67). Plaintiffs have filed a Response in Opposition (Doc. 69), and Defendants have filed a Reply (Doc. 71). The Court denies the Motion because Defendants have not demonstrated diligence in seeking discovery.

Under the Court's prior Order, discovery in this matter was due to close by August 13, 2021, and dispositive motions were due by December 10, 2021. (Doc. 53). On September 14, 2021, Plaintiff Praetorian Specialty Insurance Company filed a Motion for Summary Judgment (Doc. 57). Also on September 14, Defendants filed a Motion to Extend Discovery Deadlines (Doc. 58). The Court denied the Motion for lacking good cause, but it granted leave to refile once the Motion for Summary Judgment was ripe, which it is now. (Doc. 63). Such leave was granted under the understanding that both parties agreed some expense may be saved depending on the Motion for Summary Judgment's outcome. (*Id.*)

To amend a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

Defendants seek to depose Plaintiffs' corporate representatives, whom Defendants represent were not deposed earlier because Defendants "did not have the complete claims and underwriting files" related to this matter. (Doc. 67 at 3). Previously, the Court found that Defendants did not demonstrate diligence in acquiring these files. (Doc. 63 at 2). Defendants have presented no other justification showing that they diligently sought these proposed depositions. Therefore, the Court sees no reason to change its finding that Defendants have not demonstrated diligence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion (Doc. 67) is **DENIED**.

Dated this 10th day of May, 2022.

Honorable Diane J. Humetewa
United States District Judge